IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEAMORE ANTHONY TYRONE MAJORS,
  Plaintiff,

vs.              Case No.:  3:19cv5051/MCR/EMT

WALKER CLEMMONS, et al.,
  Defendants.
_____/

## **REPORT AND RECOMMENDATION**

  Plaintiff Deamore Anthony Tyrone Majors is proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.  Presently before the court is Plaintiff's "Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction" and supporting Declaration (ECF Nos. 3, 4).

  Plaintiff, an inmate of the Florida Department of Corrections housed at Santa Rosa Correctional Institution, commenced this action on December 19, 2019, by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1).  Plaintiff sues the following three prison officials at Santa Rosa C.I.:  Warden Walker Clemmons, Chief of Security Larry Childs, and Head of Classification Zachary Barlow (*see id.*). Plaintiff claims that Defendants have exhibited, and continue to exhibit, deliberate indifference to his safety by failing to adopt and implement a policy, practice, or

procedure to ensure that homophobic gang members are not assigned to his cell (*see id.*).

In the instant "Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction" and supporting Declaration, filed contemporaneously with the Complaint, Plaintiff essentially reiterates the factual allegations and legal contentions set forth in his Complaint (*see* ECF Nos. 3, 4). As relief, Plaintiff seeks an order (1) requiring Defendants to recommend his placement in Protective Management and transfer to a Protective Management facility, and (2) requiring officials who make classification decisions at Santa Rosa C.I. to personally interview his potential cellmates for gang affiliation and homophobia (*see* ECF No. 1 at 8; ECF No. 3 at 3).

The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). A plaintiff seeking a preliminary injunction or temporary restraining order must establish four prerequisites: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest."

Case No.: 3:19cv5051/MCR/EMT

*Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (preliminary injunction); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (temporary restraining order). A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to each of the four requisites. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc); *CBS Broad., Inc. v. Echostar Communc'n Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted).

In compliance with the court's statutory duty to screen the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the court issued a separate order on today's date, setting forth the facts underlying Plaintiff's constitutional claims and discussing the reasons why Plaintiff must clarify the nature of his claims and against whom he is asserting them. At the conclusion of the screening order, the court directed Plaintiff to either file an amended complaint which cured the pleading deficiencies or notify the court if he no longer wished to pursue his claims. While the issuance of the court's screening order does not extinguish Plaintiff's request for preliminary injunctive relief, it does tend to show that Plaintiff has not demonstrated, at this stage of the case, a substantial likelihood of success on the merits of his claims against the named Defendants. Plaintiff's having failed to satisfy his burden of

Case No.: 3:19cv5051/MCR/EMT

persuasion on the first prong of the Eleventh Circuit's four-pronged standard, his motion for a preliminary injunction or temporary restraining order should be denied. *See Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994) (the moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements).

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's "Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction" (ECF No. 3) be **DENIED without prejudice**.

At Pensacola, Florida, this 13th day of January 2020.

>  */s/ Elizabeth M. Timothy*
>  **ELIZABETH M. TIMOTHY**
>  **CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  3:19cv5051/MCR/EMT